UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROSALIND A. CLAYTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18-CV-1039-JAR |
| | ) |
| MEGAN J. BRENNAN, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Pro se plaintiff Rosalind Clayton brought this suit under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967 ("ADEA") for alleged employment discrimination. On July 3, 2018, the Court ordered plaintiff to show cause as to why this case should not be dismissed without prejudice as prematurely filed because plaintiff had not received a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"). Plaintiff filed a response to the Court's order on July 13, 2018. Also pending before the Court are plaintiff's motions for leave to proceed in forma pauperis, for appointment of counsel, for leave to file an amended complaint, and for leave to supplement the record in response to the show cause order. ECF Nos. 2, 3, 5, 8.

Having reviewed plaintiff's motion for leave to proceed in forma pauperis and financial affidavit, the Court has determined that plaintiff lacks sufficient funds to pay the filing fee, so this motion will be granted and the filing fee will be waived. *See* 28 U.S.C. § 1915(a). For the reasons discussed below, the Court finds plaintiff's response to the show cause order sufficient for the case to proceed. Plaintiff will be granted leave to file the amended complaint and supplemental response, but she will be denied appointment of counsel at this time. After reviewing the amended complaint, the Court will partially dismiss some claims of the amended

complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the amended complaint.

## Show Cause Response: Time for Filing Civil Action

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Title VII and the ADEA require certain actions be taken for redress of employee grievances before an employee files a civil action in federal court. Plaintiff states that she filed a charge of discrimination with the EEOC on March 8, 2017, but she has not received a right-to-sue letter.

In this case, plaintiff works for the United States Postal Service ("USPS") and is therefore a federal government employee protected from discriminatory practices under 42 U.S.C. § 2000e-16(a). As a USPS agency employee, plaintiff may file a civil action within ninety (90) days of receipt of notice of final action taken by the USPS. 42 U.S.C. § 2000e-16(c); *see also Harrell v. Donahue*, 638 F.3d 975, 978 (8th Cir. 2011). Plaintiff attached the USPS's Final Agency Decision ("FAD") in her matter, dated August 7, 2018, to her motion for leave to supplement the record in response to the Court's show cause order. ECF No. 8-1. Following the analysis and conclusion, the FAD states plaintiff's right to appeal to the EEOC or alternatively, her right to file a civil action. ECF No. 8-1 at 37 ("if the complainant is dissatisfied with the Postal Service's decision in this case, the complainant may file a civil action in an appropriate U.S. District Court within 90 calendar days of receipt of the Postal Service's final decision."). Although plaintiff filed this suit on June 25, 2018, approximately six weeks before the FAD was issued, the Eighth Circuit has found that the failure to exhaust remedies before filing suit is a defect that can be cured after commencement of suit. *See Jones v. Am. State Bank*, 857 F.2d 494, 499-500 (8th Cir. 1988). Therefore, the Court finds plaintiff's response to its show cause order sufficient for this suit to proceed.

## Legal Standard on Initial Review: 28 U.S.C. § 1915(e)

The Court is also required to review the factual and legal allegations of a complaint filed in forma pauperis, and dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e). To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

## The Amended Complaint

Plaintiff brings this action for employment discrimination against the Postmaster General of the USPS and the American Postal Worker Union AFL-CIO ("APWU"). Plaintiff alleges discrimination based on race, gender, disability, and age.[1] She complains that defendants failed to accommodate her disability, treated similar employees differently, retaliated against her, harassed her, and violated her rights to due process and equal protection.[2] According to plaintiff, both defendants have discriminated, harassed, and retaliated against her because she "engaged in the protected activity of worker's compensation."

Plaintiff alleges in her amended complaint that she suffered "wage discrimination" when she received the incorrect pay from USPS on multiple occasions. According to plaintiff, her pay checks were "short" on over twenty occasions between June 17, 2016, and June 29, 2018, resulting in unpaid wages of $7,271.98. The alleged reasons for the shortages in pay include plaintiff not receiving "Sunday premium" pay, "Night differential" pay, "level 7" pay, or overtime pay when she should have; plaintiff receiving pay for only 32 hours when she worked 40 hours in a week; plaintiff being denied continuation of pay ("COP") after an on-the-job injury; plaintiff being denied sick and annual leave pay; and an incorrect change in her pay location which resulted in lower pay rates.

---

[1] Plaintiff also checked the line for "other" discrimination on the amended complaint but she provides no details on what other type of discrimination she alleges occurred. ECF No. 5-1 at 6.

[2] Although plaintiff generally complains that defendants violated her due process and equal protection rights, she does not plead a valid equal protection violation against defendants. The equal protection clause "protects 'fundamental rights,' 'suspect classifications,' and 'arbitrary and irrational state action.'" *Brandt v. Davis*, 191 F.3d 887, 893 (8th Cir. 1999). As discussed below, plaintiff has not asserted any facts supporting discrimination claims based on race or sex. Although her age and disability discrimination claims survive review, she has not alleged that she belongs to a valid suspect class or has a fundamental right at stake. *See Weber v. Strippit, Inc.*, 186 F.3d 907, 911 (8th Cir. 1999) ("Age, unlike race or gender, is not a suspect classification subject to strict or even heightened scrutiny under the equal protection clause."); *Hansen v. Rimel*, 104 F.3d 189, 190 (8th Cir. 1997) ("Although protected by statutory enactments such as the Americans with Disabilities Act, the disabled do not constitute a 'suspect class' for purposes of equal protection analysis."). In addition, the class-of-one theory of equal protection does not apply in the public employment context. *Engquist v. Oregon Dep't of Agric.*, 553 U.S. 591 (2008).

According to plaintiff, these maliciously intentional errors on her pay checks were done in retaliation for a May 2016 on-the-job injury which required her to miss 63 days of work and take workers compensation benefits. Plaintiff states that USPS also retaliated against her by changing her schedule to work late hours and by sending her home on one occasion to change clothes in violation of a nonexistent dress code.

Around January 2017, plaintiff received a medical restriction limiting her work hours on certain machines. Plaintiff alleges that the restriction was violated by some supervisors and led to harassment from another. Plaintiff also claims that the change in schedule made to accommodate her medical restriction deprived her of her choice in work partner and machine. Plaintiff also alleges a supervisor used derogatory remarks towards her when she was moved off her machine station and sent her to work in the manual unit. Two younger women were then assigned to plaintiff's deserted machine station. According to plaintiff, her supervisors used her medical restriction as a pretext to move her off the machine and to repeatedly move her between machines two to four times per shift, when really they were discriminating against her based on her age. Plaintiff was 55 years old when she filed this case. After plaintiff complained that supervisors treated older employees less favorably and required them to do heavier work, plaintiff alleges USPS retaliated against her with "short" pay checks. Plaintiff alleges that she suffered another on-the-job injury to her right knee on May 30, 2018. However, she was subsequently denied COP by USPS.

As to defendant APWU, plaintiff alleges union representatives failed to represent her, failed to allow her to file a grievance, and/or failed to process her grievances on multiple occasions. According to plaintiff, she went to the union many times with complaints and requests to file grievances concerning her interrupted, denied, and delayed wages, but the union failed to help her and took no corrective action. Plaintiff also complained about discrimination

concerning injured workers having to work later hours, about being sent home from work to change clothes when no dress code policy existed, and about not being paid at the appropriate higher "level 7" rate for Express Mail Unit work. Plaintiff attached as exhibits to her original complaint approximately nine written grievances that she presumably filed with the union. ECF No. 1-3. Plaintiff also claims that a union representative accused her of lying and changing a date on a duty form.

Plaintiff states that she was a member of the APWU in good standing from October 2014 until December 2017, when she "got out" of the union because it "failed to represent" her. Plaintiff sought help from the union multiple times after December 2017, but she claims that even if she was not a paying member, the union is liable under the law to represent her.

In the final paragraph of the amended complaint, plaintiff also states that she is afraid for her safety given that her car tires have been cut three times at work. According to plaintiff, the defendants have failed to provide a safe workplace for her and have created a "hostile workplace" because they are "violently angry" with her.

For relief, plaintiff seeks ten million dollars in damages and injunctive relief to forbid USPS from engaging in further wage discrimination, harassment, and retaliation.

## Discussion

Plaintiff's seventy-nine paragraph amended complaint details numerous allegations against the two defendants. On initial review under § 1915(e), the Court finds plaintiff's allegations of age discrimination, disability discrimination, and retaliation sufficient to survive review as to defendant USPS. As to defendant APWU, the Court finds plaintiff's allegations sufficient to state a claim for breach of fiduciary duty, failure to represent, and worker's compensation retaliation. However, plaintiff's claims of discrimination based on age, disability, race, and gender against APWU, and plaintiff's claims of discrimination based on race and

-6-

gender against USPS, lack any factual support and will be dismissed. *See* 28 U.S.C. § 1915(e)(2).

Defendant USPS

In order to establish a prima facie case under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.*, a plaintiff must show: (1) she is over 40; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) substantially younger, similarly situated employees were treated more favorably. *Anderson v. Durham D & M, L.L.C.*, 606 F.3d 513, 523 (8th Cir. 2010). Plaintiff, who is 55 years old, describes incidents where she alleges she was treated differently due to her age, and she states that younger employees receive preferential treatment with lighter work.

The Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, prohibits covered employers from discriminating against a "qualified individual" on the basis of disability. 42 U.S.C. § 12112(a). A "qualified individual" is a person "who, with or without reasonable accommodation, can perform the essential functions" of his or her job. 42 U.S.C. § 12111(8). Although plaintiff did not specify that she was bringing suit under the ADA on the first page of her amended complaint, she did check the line for alleging discrimination on the basis of disability. Also, the details of her amended complaint describe disability discrimination and failure to accommodate claims.

Under the ADA, prohibited discrimination includes intentional discrimination against a qualified individual because of his or her disability, which can be shown by evidence of disparate treatment or other proof based on the specific facts of the case. *See* 42 U.S.C. § 12112(a)-(b)(1); *Young v. Warner-Jenkinson Co., Inc.*, 152 F.3d 1018, 1022 (8th Cir. 1998). But prohibited discrimination under the ADA also includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability"

unless doing so "would impose an undue hardship on the operation of the" employer's business. 42 U.S.C. § 12112(b)(5).

Here, plaintiff sufficiently states ADA claims for intentional discrimination and failure to accommodate. Plaintiff alleges that she suffered multiple on-the-job injuries that limited her ability to work and that USPS treated her differently due to her disability by requiring her to work later shifts. She also alleges that USPS failed to accommodate her injuries with her job assignments and stations, and violated her limited duty restrictions (including her allowance to be "seated as needed").

The ADA and ADEA also prohibit, among other things, retaliation against employees who oppose any practices made unlawful by the statues, or who file charges or assert their rights under the statutes. *See* 29 U.S.C. § 623(d); 42 U.S.C. § 2000e-3(a). In order to state a claim of retaliation under these federal anti-discrimination statutes a plaintiff must show: (1) that she engaged in statutorily protected activity; (2) an adverse employment action was taken against her; and (3) a causal connection exists between the two events. *Stewart v. Indep. Sch. Dist. No. 196*, 481 F.3d 1034, 1043 (8th Cir. 2007) (ADEA and ADA). An employee engages in protected activity when she opposes an action "based on a reasonable belief that [her] employer has engaged in discriminatory conduct." *E.E.O.C. v. HBE Corp.*, 135 F.3d 543, 554 (8th Cir. 1998) (citation omitted). Here, plaintiff alleges that she complained on multiple occasions about illegal discriminatory treatment and those complaints resulted in harassment and assignment of later work shifts.

Plaintiff also states a worker's compensation retaliation claim against USPS. According to plaintiff, USPS retaliated against her by intentionally "shorting" her pay checks and by changing her work hours because she collected worker's compensation benefits after an on-the-job injury. Plaintiff also details allegations of sudden shift changes, retaliatory dress code

- 8 -

violations, harassment, and refusal to issue 'level 7' higher pay against her USPS supervisor Bobo, who she claims has a "pervasive pattern of harassing employees who are on worker's compensation." ECF No. 1-2 at 7. Having liberally construed plaintiff's allegations, the Court concludes for purposes of initial review, that plaintiff has adequately stated claims of age discrimination, disability discrimination, and retaliation against USPS.

However, none of plaintiff's allegations, even if accepted as true, are sufficient to state a claim that plaintiff was discriminated against on the basis of her race or gender under Title VII of the Civil Rights Act. 42 U.S.C. § 2000e-2(a). Although plaintiff alleges racial discrimination generally, the amended complaint only mentions race three times. In paragraph 1, plaintiff describes herself as a "black women." In paragraphs 19 and 66, plaintiff makes the following conclusory statements:

> 19. USPS and APWU discriminated, harassed, and retaliated against me because I engaged in a protected activity worker's compensation, based on my age, race and sex.
> ...
> 66. ... I am retaliated against because of my age, race, sex, I filed a charge of discrimination, I engaged in worker's compensation and I oppose unlawful deceptive discriminatory business practice.

Plaintiff never details any disparate treatment based on her race or gender. The amended complaint is void of allegations that similarly situated male employees or employees of a different race were treated more favorably. In fact, many of the incidents described in plaintiff's amended complaint involve younger women getting favorable machine placement – not men. Plaintiff's allegations of discrimination based on race and gender are merely conclusory, setting forth only legal conclusions. The amended complaint alleges no facts suggesting plaintiff was ever treated differently based on her race or gender.

Defendant APWU

Plaintiff's allegations against the union do not sound in discrimination. As discussed above, plaintiff's amended complaint does not allege any disparate treatment by either defendant as to her race or gender. In addition, although plaintiff describes unfair treatment due to her disability and age from her supervisors at USPS, she does not make similar factual allegations regarding defendant APWU. Plaintiff accuses APWU of failing to represent her due to discrimination but those accusations are not supported by any factual allegations. Plaintiff's claims of discrimination and harassment based on her race, gender, age or disability are conclusory statements. Liberally construing the complaint, none of plaintiff's allegations of discrimination against defendant APWU survive review under 28 U.S.C. § 1915(e)(2)(B).

However, plaintiff does allege facts specific to claims of breach of fiduciary duty, failure to represent, and worker's compensation retaliation against APWU. Plaintiff's amended complaint describes multiple occasions where she tried to file a grievance with the union and was denied the right to do so, and where she did file a grievance with the union but no action was taken on her behalf. Plaintiff also alleges that a union representative told her that "all injured employees work later hours," and that this retaliatory practice was aimed at employees collecting worker's compensation benefits. As long as these grievances are exhausted, which the Court has no reason to believe they are not at this point, plaintiff has stated sufficient allegations to maintain claims of breach of duty, failure to represent, and worker's compensation retaliation against APWU.

### Appointment of Counsel

Finally, the Court will deny plaintiff's motion for appointment of counsel without prejudice. There is no constitutional or statutory right to appointed counsel in civil cases. *See Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). To determine

whether to appoint counsel, the Court considers several factors, including whether: (1) the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) the plaintiff will substantially benefit from the appointment of counsel; (3) there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005. After considering these factors, the Court finds that the facts and legal issues involved in plaintiff's case are not so complicated that the appointment of counsel is warranted at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 3] is **GRANTED**. Pursuant to 28 U.S.C. § 1915(a), the filing fee is waived.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to file amended complaint [ECF No. 5] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to supplement the record in response to the Court's show cause order [ECF No. 8] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 2] is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the amended complaint as to defendant Megan J. Brennan, Postmaster General United States Postal Service, with regard to plaintiff's allegations of age discrimination, disability discrimination, and retaliation.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the amended complaint as to defendant American Postal Worker Union AFL-CIO, with regard to plaintiff's allegations of breach of duty.

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the amended complaint as to defendant Megan J. Brennan, Postmaster General United States Postal Service, for plaintiff's allegations of discrimination based on race and gender because they are legally frivolous or fail to state a claim upon which relief can be granted, or both. Plaintiff's discrimination claims based on race and gender against defendant Megan J. Brennan, Postmaster General United States Postal Service, are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the amended complaint as to defendant American Postal Worker Union AFL-CIO, for plaintiff's allegations of discrimination based on age, disability, race, and gender because they are legally frivolous or fail to state a claim upon which relief can be granted, or both. Plaintiff's discrimination claims based on age, disability, race, and gender against defendant American Postal Worker Union AFL-CIO are **DISMISSED without prejudice**.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 9th day of January, 2019.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE