# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ROSALIND A. CLAYTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:18-cv-01039-JAR |
| | ) |
| MEGAN J. BRENNAN, | ) |
| *Postmaster General* | ) |
| *United States Postal Service*, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## **MEMORANDUM AND ORDER**

Currently pending are Partial Motions to Dismiss filed by Defendant American Postal Worker Union AFL-CIO ("APWU") (Doc. 50), and Megan J. Brennan, Postmaster General United States Postal Service (Doc. 53), as well as a Motion to Vacate (Doc. 89), and a Motion for Leave to Supplement (Doc. 93), filed by Plaintiff Rosalind A. Clayton.  Plaintiff filed responses in opposition to both motions to dismiss (Docs. 61, 63), and Defendant Megan J. Brennan opposes Plaintiff's Motion to Vacate (Doc. 90).

## Background

Plaintiff makes the following allegations in her Fourth Amended Complaint (Doc. 41):  On May 27, 2016, Plaintiff was hit in the head with an iron bar while at work and suffered a traumatic brain injury.  Her legal claims stem from this injury.

Plaintiff began as a Mail Processing Clerk for the United States Postal Service ("USPS") on August 24, 2013.  She was a member in good standing with the APWU from October 15, 2014,

1

through December 20, 2017. Following her injury, Plaintiff sought various benefits including worker's compensation and duty restrictions.

According to Plaintiff, her USPS superiors began discriminating against her as soon as she returned to work, rejecting her request for job reassignment and falsifying her employment records to deny her benefits for which her injury made her eligible. Plaintiff's requests for assistance from APWU also went unanswered.

Plaintiff maintains that Defendants' actions were illegal discrimination based on race, gender, disability and, age. (Doc. 41 at 6.) She cites, among other statutes, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, the Rehabilitation Act of 1973, 29 U.S.C. § 701, Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, the Labor Management Relations Act, 29 U.S.C. § 185(a), the Federal Employee Compensation Act, 5 U.S.C. § 81, and the USPS employee benefits program. (*Id.* at 9.) In her request for relief, she asks for:

> Retroactive to the job reassignment, with all attendant back pay, benefits and other emoluments of employment. $10[,]000.00 compensatory and $40,000,000 punitive damages. . . . Reimburse 21 days of unpaid COP wages, restore OWCP wages, all unpaid wages, ann[ual] and sick leave, injunctive [relief], liquidation damages, front and future pay. Cost and reasonable attorney fees incurred with this lawsuit with interest thereon.

(*Id.* at 7.)

Defendants now seek to dismiss significant portions of Plaintiff's complaint. APWU argues that the bulk of Plaintiff's claims against it should be dismissed as untimely. (Doc. 51.) Brennan argues that Plaintiff fully exhausted only one EEOC complaint, alleging instances of discrimination between September 22, 2016, and March 31, 2017, and that any alleged instance of discrimination not included in that complaint are not properly before the Court. (Doc. 53.)

## Motions for Partial Dismissal

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 (alteration in original) (citations omitted). "When ruling on a motion to dismiss [under Rule 12(b)(6)], the district court must accept the allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001).

### *APWU's Partial Motion to Dismiss*

APWU argues that Plaintiff's claims that arose on or before December 25, 2017, should be dismissed as time-barred. (Doc. 51.) "[T]he possible existence of a statute of limitations defense is not ordinarily a ground for Rule 12(b)(6) dismissal unless the complaint itself establishes the defense." *Joyce v. Armstrong Teasdale, LLP*, 635 F.3d 364, 367 (8th Cir. 2011) (quoting *Jessie v. Potter*, 516 F.3d 709, 713 n. 2 (8th Cir. 2008)). Claims alleging a union's failure to represent a member are subject to a six-month statute of limitations. *Skyberg v. United Food & Commercial Workers Int'l Union, AFL-CIO*, 5 F.3d 297, 301 (8th Cir. 1993); *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 172 (1983). The limitations period begins when the member knew or should have known about the alleged failure to represent. *Becker v. Int'l Bhd. of Teamsters Local 120*, 742 F.3d 330, 333 (8th Cir. 2014) (citing *Scott v. UAW Local 879*, 242 F.3d 837, 839 (8th

3

Cir. 2001)).  APWU members must file a grievance with the union within fourteen days of the alleged discrimination.

Plaintiff filed suit on June 25, 2018.  (Doc. 1.)  Accordingly, any alleged discrimination about which Plaintiff knew or should have known on or before December 25, 2017, is outside the limitations period and time-barred.  *DelCostello*, 462 U.S. at 172; *Becker*, 742 F.3d at 333; *Skyberg* 5 F.3d at 301.  Plaintiff's complaint establishes that she left the APWU on December 20, 2017, because "it failed to provide me with fair union representation."  (Doc. 41 at ¶ 52.)  The Court accordingly concludes that Plaintiff was aware of the union's alleged failure to represent her on all claims prior to that decision and finds that those claims are therefore time-barred.  That said, Plaintiff continued to file grievances with the union after her alleged withdrawal.  (*Id.* at  ¶ 53 et seq.)  Claims based on conduct after December 20, 2017, are not time-barred.

### *Brennan's Partial Motion to Dismiss*

Meanwhile, Brennan argues that the Court lacks jurisdiction over Plaintiff's claims based on alleged discrimination before September 22, 2016, or after March 2017.  (Doc. 53.)  "Before bringing discrimination claims, Title VII plaintiffs must exhaust available administrative remedies."  *Bailey v. U.S. Postal Serv.*, 208 F.3d 652, 654 (8th Cir. 2000) (citing *Briley v. Carlin*, 172 F.3d 567, 571 (8th Cir. 1999)).  For employees at federal agencies, such as USPS, exhaustion includes a consultation with a counselor at the Equal Employment Opportunity Commission ("EEOC").  29 C.F.R. § 1614.105(a).  The employee must contact the counselor within forty-five days of the alleged discrimination or negative employment action.  *Id.*  The counselor then has thirty days to investigate the allegations and decide whether the matter can be resolved informally. 29 C.F.R. § 1614.105(d).  At the end of their investigation or the thirty-day period, the counsel provides the employee with a report and notice of the right to file a discrimination complaint with her employing agency.  *Id.*  The failure to comply with the deadlines or to otherwise complete the

4

pre-complaint counseling is a basis for denying relief on those claims. *Bailey*, 208 F.3d at 654-55. Likewise, only the claims raised with the EEO counselor and "issues or claims like or related" to those raised are considered exhausted. *Patrick v. Henderson*, 255 F.3d 914, 915 (8th Cir. 2001) (citing 29 U.S.C. § 1614.105(b)(1)).

Brennan argues that Plaintiff failed to fully exhaust all claims based on alleged mistreatment occurring before September 22, 2016. (Doc. 53 at 1.) The Postmaster General alleges that Plaintiff initiated two EEOC investigations but that she "voluntarily withdrew" the first complaint before the Commission could complete its review. (*Id.*) September 22, 2016, is the date of the earliest instance of alleged discrimination in the second, fully exhausted complaint. (*See* Doc. 8-1.) Brennan asserts that the failure to allow the EEOC to complete its investigation means the claims were not fully exhausted and the Court cannot consider claims based on alleged misconduct prior to September 22, 2016. (Doc. 53.)

In support, Brennan cites *Johnson v. Donahoe*, No. 8:10CV386, 2011 WL 4430885, at *3 (D. Neb. Sept. 22, 2011), in which the District Court granted summary judgment to the Postmaster General because the plaintiff-employee signed PS Form 2564-C to withdraw her formal complaint before the EEOC had completed its review of the USPS's investigation of alleged discrimination. The *Johnson* court noted that although the Eighth Circuit had not directly held that the withdrawal of a discrimination claim before the EEOC completes its review is fatal to exhaustion, numerous courts around the country had reached that conclusion. *Id.* at *3 (collecting cases). Brennan asserts that Plaintiff in this case signed the same PS Form 2564-C on September 22, 2016, and moves the Court to dismiss all claims of discrimination arising before that date as unexhausted. (Docs. 53, 53-1.)

5

The Court finds *Johnson* helpful for a number of reasons. First, because it dealt with another USPS employee, it analyzed an identical exhaustion mechanism. Second, Johnson and Plaintiff signed the same withdrawal form. In fact, Johnson withdrew her complaint at a later stage of exhaustion than did Plaintiff, meaning the EEOC had even less opportunity to investigate and review Plaintiff's claims. The rationale for the exhaustion requirement is that "(s)imple fairness to those who are engaged in the tasks of administration, and to litigants, requires as a general rule that courts should not topple over administrative decisions unless the administrative body not only erred but has erred against objection made at the time appropriate under its practice." *Jordan v. United States*, 522 F.2d 1128, 1132 (8th Cir. 1975) (quoting *United States v Tucker Truck Lines, Inc.*, 344 U.S. 33, 37 (1952)). As such, an earlier withdrawal further undermines the agency's opportunity to investigate that employee's claims.

In light of the strikingly similar facts of *Johnson*, and for the same reasons expressed by the District of Nebraska in that opinion, the Court concludes that Plaintiff's withdrawal before the EEOC could complete its review of her first complaint leaves those allegations unexhausted. Said differently, the Court can only consider those allegations which the EEOC fully reviewed: those contained in Plaintiff's March 8 complaint, which Plaintiff submitted and this Court filed as Document 8-1.

Brennan also argues that Plaintiff failed to seek administrative review of any alleged discrimination taking place after March 31, 2017. (Doc. 53 at 7.) As noted, only claims that have been fully investigated and reviewed by the EEOC and "related claims" are properly before this Court. *Patrick*, 255 F.3d at 915. Brennan asserts that the allegations in Plaintiff's most recent

6

request for EEOC counseling stop at March 31, 2017,[1] meaning she must present those for informal resolution before she can bring suit in federal court. (Doc. 53.)

The Court must therefore determine which, if any, of the alleged instances of discrimination that took place after March 31, 2017, are "related to" allegations made in Plaintiff's fully exhausted March 8 complaint. Paragraph 38 of Plaintiff's Fourth Amended Complaint alleges that funds were withheld from her March 10, 2017, paycheck as a result of discrimination by the USPS. (Doc. 41 at ¶ 38.) The next alleged instance of discrimination did not occur until June 16, 2017. (*Id.* at ¶ 40.) That allegation relates to the denial of pay for hours worked during that pay period. (*Id.* ("On pay check date 6-16-17, the check stub indicates my check was short $39.89, week 1 I was denied Sunday premium pay. . . .").) Accordingly, the alleged discrimination could not have taken place prior to March 31, 2017, and therefore, while it may be the latest in a long list of alleged discriminatory actions, it is not factually related to those before. Said differently, it represents an independent injury with an independent cause separate from prior alleged discrimination. The Court will therefore dismiss all alleged instances of discrimination stemming from conduct that occurred after March 31, 2017.

## Conclusion

For the foregoing reasons, the Court concludes that Plaintiff's claims against APWU that are based on conduct occurring before December 25, 2017, are time-barred and will be dismissed. The Court further concludes that any of Plaintiff's claims against Brennan that were not expressly

---

[1] Plaintiff's March 8, 2017, complaint includes alleged instances of discrimination that took place "on dates to be specified in March 2017." (Doc. 8-1 at 2.) The Court will liberally construe that to allege discrimination through March 21, 2017, although the latest specified date of alleged discrimination occurred on March 20, 2017. (*Id.*)

raised in Plaintiff's March 8, 2017, EEOC complaint were not fully exhausted and will be dismissed.

## Other Matters

Also pending before the Court are Brennan's Motion for Summary Judgement (Doc. 75), and Plaintiff's Second Motion for Extension of Time to Respond to the Motion for Summary Judgment (Doc. 91). Plaintiff has now responded. (Docs. 94, 96.) The Court will accept that response and will therefore deny the motion for extension of time as moot. The Court notes that Brennan filed her summary judgment motion only after her Motion for Partial Dismissal (Doc. 53), had been pending for three months. The delay in ruling on Brennan's earlier motion was due to Plaintiff's numerous efforts to amend or supplement her filings, which the Court liberally granted in light of Plaintiff's pro se status.

Finally, Plaintiff's pending Motion to Vacate (Doc. 89), will be denied. "[C]ourts have broad discretion to manage their dockets and address particular circumstances by enforcing local rules and by setting enforceable time limits." *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 856 (8th Cir. 2010). Extensions of time to file responsive pleadings are routinely sought and granted and Plaintiff was not prejudiced by the Court's allowance in this case, particularly considering the numerous subsequent supplements and amendments she sought. For the same reason, her Motion for Leave to Supplement her Reply to Brennan's Response to Plaintiff's Motion to Vacate (Doc. 93), is futile and will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant American Postal Worker Union AFL-CIO's Partial Motion to Dismiss (Doc. 50), is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant Megan J. Brennan's Partial Motion to Dismiss (Doc. 53), is **GRANTED.**

Plaintiff may proceed against Defendants on the following claims only:

- Allegations that APWU failed to represent Plaintiff in claims of discrimination that took place after December 25, 2017;

- Allegations of discrimination by USPS that were raised in Plaintiff's March 8, 2017, complaint.  (Doc. 8-1.)

All other claims are **DISMISSED without prejudice**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Vacate (Doc. 89), and Motion to Supplement (Doc. 93), are **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time (Doc. 91), is **DENIED as moot.**

**IT IS FINALLY ORDERED** that the following schedule shall apply:

- Defendants **SHALL** file their answers to Plaintiff's surviving claims **no more than ten (10) days** from the date of this Order.

- If any party believes discovery is necessary, that party shall notify the Court, setting out the subject matter and scope of that discovery, **no more than fifteen (15) days** from the date of this Order.

Dated this 5th day of August, 2020.

*John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE