UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROSALIND A. CLAYTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:18-cv-01039-JAR |
| | ) |
| MEGAN J. BRENNAN, | ) |
| *Postmaster General* | ) |
| *United States Postal Service*, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

# **MEMORANDUM AND ORDER**

This matter is before the Court on three motions and one notice filed by Plaintiff Rosalind A. Clayton: "Motion to Alter or Amend Judgment and Reinstatement of Cause" (Doc. 113); "Motion for Leave to File Supplement [Plaintiff's] Petition to Alter or Amend the Judgement and Reinstatement of Cause" (Doc. 114); "Motion for Clarification" (Doc. 115); and "Notice to the Court of [Plaintiff's] Discovery Needs." (Doc. 116).

## **Motion to Alter or Amend Judgment and Reinstatement of Cause**

Plaintiff indicates that she inadvertently submitted the incorrect version of her "Motion to Alter or Amend Judgment and Reinstatement of Cause" (Doc. 113) and requests that the Court instead consider (Doc. 114). The Court will allow this change and will consider (Doc. 114) to be the operative filing.

In the motion, Plaintiff challenges the Court's order granting Defendants partial dismissal of various claims. (Doc. 97). Given Plaintiff is simply re-arguing the issues addressed in the Court's Order, the motion is considered and denied.

## Motion for Clarification

Plaintiff requests that the Court clarify which claims she may continue to raise in the current case. The Court's August 5, 2020 Memorandum and Order (Doc. 97) dismissed potential claims due to an applicable statute of limitations and Plaintiff's failure to exhaust available administrative remedies. For each Defendant, Plaintiff may only raise the following claims:

- <u>APWU</u>: Allegations that APWU failed to adequately represent Plaintiff *after December 25, 2017*.

- <u>USPS</u>: Allegations included in the March 8, 2017 EEOC Final Agency Decision. (Doc 8-1). Such allegations are limited to events occurring *between September 22, 2016 and March 10, 2017*.

In her Motion for Clarification, Plaintiff alleges multiple instances of "wage theft" that supposedly occurred in 2018. Plaintiff <u>may not</u> bring any of these wage theft claims in the current case, as she has not exhausted her administrative remedies as to these claims. The Court reminds Plaintiff that she may bring these claims in a separate case, provided she complies with all necessary legal requirements at that time.

## Notice to the Court of Plaintiff's Discovery Needs

Plaintiff has requested discovery in the form of requests for admission, interrogatories, requests for production of documents, and depositions. (Doc. 116). Both Defendants have

expressed opposition to Plaintiff's request, noting the limited factual scope of the case and the potential for abuse of the discovery process. (Doc. 117-18). Defendant Brennan alternatively requests that the Court constrain the scope of Plaintiff's discovery.

The Court understands the Defendants' position but believes that Plaintiff has shown cause for a limited opportunity for discovery before the Court rules on Defendants' dispositive motions. Plaintiff shall be limited to the following forms of discovery, and shall submit her requests to Defendants within **fifteen days** of this Order.

- Requests for Admission: 5 per Defendant
- Interrogatories: 5 per Defendant

Plaintiff is reminded that the **scope of her discovery requests shall be limited to claims against APWU occurring after December 25, 2017 and any claims alleged in the March 8, 2017 EEOC decision, all of which occurred between September 22, 2016 and March 10, 2017.**

For now, the Court will deny without prejudice Plaintiff's request for production of documents and depositions. Provided, after completion of this initial discovery, Plaintiff may make specific requests to the Court regarding particular types of documents sought or individuals she seeks to depose. The Court will consider such requests at that time.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's "Motion for Leave to File Supplement [Plaintiff's] Petition to Alter or Amend the Judgement and Reinstatement of Cause" (Doc. 114) is **GRANTED**, but Plaintiff's "Motion to Alter or Amend Judgment and Reinstatement of Cause" (Doc. 113) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's "Motion for Clarification" is **GRANTED in part**.

**IT IS FINALLY ORDERED** that Plaintiff shall submit the discovery requests permitted by this Order within **fifteen days** from the date of this Order.

Dated this 24th day of August, 2020.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE