UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROSALIND A. CLAYTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )   Case No. 4:18-CV-01039-JAR |
| LOUIS DEJOY,<br>*Postmaster General*<br>*United States Postal Service*, et al., | ) ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This closed matter is before the Court on Plaintiff Rosalind A. Clayton's Motion for Reconsideration. (Doc. 141). Defendant United States Postal Service ("USPS") has responded. (Doc. 143). For the reasons discussed below, the motion will be denied.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Rosalind A. Clayton is an African American woman who worked as a Mail Processing Clerk in the USPS' Processing and Distribution Center in St. Louis Missouri. (Doc. 77 at ¶¶ 1-2). On June 25, 2018, Plaintiff filed suit in this Court alleging that Defendants USPS and American Postal Workers Union ("APWU") violated various federal statutes and discriminated against Plaintiff on the basis of her race, gender, age, and disability status. (Doc. 1). A large portion of Plaintiff's allegations were dismissed as either non-exhausted or time barred. (Doc. 97). Subsequently, this Court granted summary judgment in favor of Defendants on all remaining claims. (Docs. 139-40). Plaintiff filed the instant Motion for Reconsideration and supporting memorandum of law pursuant to Fed. R. Civ. P. 59(e) on December 12, 2020. (Docs. 141-42).

## II.  LEGAL STANDARD

A district court has broad discretion in determining whether to grant a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e). *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). Rule 59(e) motions "serve the limited function of correcting manifest errors of law or to present newly discovered evidence." *Innovative Home Health Care v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) (internal quotations omitted). Rule 59(e) grants a district court the power to "rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982). A Rule 59(e) motion to alter or amend judgment must accordingly show (1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct a clear error of law or prevent manifest injustice. *See Bannister v. Armontrout*, 807 F. Supp. 516, 556 (W.D. Mo. 1991). This Court will liberally construe Plaintiff's pro se motion for reconsideration. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

## III.  DISCUSSION

Plaintiff's motion is directed toward nine different Orders by this Court. (Doc. 142 at 1). Rule 59(e) motions must be filed within 28 days from entry of judgment, and there is "no possibility of an extension." *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) (citing Fed. R. Civ. P. 6(b)(2) (prohibiting extensions to Rule 59(e) deadline)). Eight of the Orders Plaintiff seeks to challenge were entered over 28 days ago, meaning Plaintiff's motion is untimely as to these Orders. *See United States v. Mask of Ka-Nefer-Nefer*, 752 F.3d 737, 743 (8th Cir. 2014) ("[A] district court lacks jurisdiction over an untimely Rule 59(e) motion.").[1] Many of the Orders Plaintiff seeks to challenge are also collateral and not final judgments susceptible to a Rule 59(e) motion. The

---

[1] Plaintiff's motion is time-barred as to the following Orders: Docs. 9, 11, 30, 88, 97, 102, 119, and 127.

motion is timely and properly brought, however, as to this Court's granting of summary judgment in favor of Defendants. (Docs. 139-140).

Plaintiff's motion does not identify any change in controlling law or new evidence. Instead, Plaintiff simply repeats allegations previously made, including that this Court has adopted a "false narrative scheme" and that its judgment has been "procured by fraud." (Doc. 142 at 5). As to the entry of summary judgment specifically, Plaintiff claims that the Court failed to accommodate her medical emergency or provide sufficient time to respond to Defendants' briefing. (*Id.* at 11). In fact, the Court accepted Plaintiff's late filings as operative when determining if summary judgment was warranted. (Doc. 139 at 1 n.1 ("Because Plaintiff is proceeding pro se and in its discretion, this Court accepts the subsequent responses as the operative responses.")). Plaintiff also asserts that she was "unable to conduct [her] discovery." (Doc. 142 at 10). This Court provided Plaintiff multiple opportunities to engage in limited discovery, which Plaintiff failed to do, and only proceeded without discovery after Plaintiff explicitly stated that the Court "should proceed to consideration of the Motion for Summary Judgment already filed in this matter." (Doc. 138 at 1).

Plaintiff provides no new evidence or additional support for her position, nor does she identify any clear error of law. Instead, Plaintiff rehashes her voluminous arguments, which the Court declines to reconsider here. "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11 Charles Wright & Arthur Miller, *Federal Practice and Procedure* § 2810.1 (2d ed. 1995)). Because Plaintiff has simply repeated arguments previously addressed by this Court and failed to demonstrate any manifest error of law, the motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Rosalind A. Clayton's Motion for Reconsideration (Doc. 141) is **DENIED**.

Dated this 22nd day of December, 2020.

*John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE