**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ROSALIND A. CLAYTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:18-CV-01039-JAR |
| ) | |
| LOUIS DEJOY, ) | |
| *Postmaster General* ) | |
| *United States Postal Service*, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This closed matter is before the Court on Plaintiff Rosalind A. Clayton's Motion to Vacate. (Doc. 146). For the reasons discussed below, the motion will be denied.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Rosalind A. Clayton is an African American woman who worked as a Mail Processing Clerk in the United States Postal Service's ("USPS") Processing and Distribution Center in St. Louis, Missouri. (Doc. 77 at ¶¶ 1-2). On June 25, 2018, Plaintiff filed suit alleging various forms of discrimination against Defendants USPS and American Postal Workers Union ("APWU"). (Doc. 1). A large portion of Plaintiff's allegations were dismissed as either non-exhausted (USPS claims) or time barred (APWU claims). (Doc. 97). Subsequently, this Court granted summary judgment in favor of Defendants on all remaining claims. (Docs. 139-40). On December 22, 2020, this Court denied Plaintiff's Motion for Reconsideration, which was directed toward nine different Orders and filed pursuant to Fed. R. Civ. P. 59(e). (Doc. 145). On December

24, 2020, Plaintiff filed this Motion to Vacate pursuant to Fed. R. Civ. P. 60(b)(4). (Doc. 146).[1] Plaintiff seeks to vacate this Court's Memorandum and Order granting USPS' Partial Motion to Dismiss. (Doc. 97).

## II. LEGAL STANDARD

Under Fed. R. Civ. P. 60(b)(4), a court may relieve a party from a void judgment. "A judgment is void if the rendering court lacked jurisdiction or acted in a manner inconsistent with due process." *Baldwin v. Credit Based Asset Servicing & Securitization*, 516 F.3d 734, 737 (8th Cir. 2008) (citations omitted). A judgment is rendered void for lack of jurisdiction "only when there is a plain usurpation of power, when a court wrongfully extends its jurisdiction beyond the scope of its authority." *United States v. Three Hundred Fifty-Three Thousand Six Hundred Dollars, in U.S. Currency*, 463 F.3d 812, 813 (8th Cir. 2006) (quoting *Kansas City Southern Ry. Co. v. Great Lakes Carbon Corp.*, 624 F.2d 822, 825 (8th Cir. 1980) (en banc)). While relief from judgment is an "extraordinary remedy," relief from a void judgment pursuant to Rule 60(b)(4) is not discretionary. *Hunter v. Underwood*, 362 F.3d 468, 475 (8th Cir. 2004).

## III. DISCUSSION

Plaintiff argues that this Court erred by treating her failure to exhaust her administrative remedies as a jurisdictional, rather than procedural, defect. (Doc. 146 at 2-7). In ruling on USPS' Partial Motion to Dismiss, this Court held that Plaintiff had not exhausted her administrative remedies as to all allegations of discrimination except those identified in Plaintiff's March 8, 2017

---

[1] The instant motion also includes "Plaintiff Objections to Memorandum and Order Doc. No. 145" (Doc. 146-1) challenging this Court's Memorandum and Order (Doc. 145) denying Plaintiff's Motion for Reconsideration. To the extent Plaintiff seeks further reconsideration of this Court's previous Orders, the request is denied. Plaintiff offers no new arguments or evidence but instead misguidedly and repeatedly asserts that the judgment against her is void and procured by fraud.

EEO complaint and addressed in the August 7, 2018 Final Agency Decision. (Doc. 97 at 7-8). The Supreme Court recently held in *Fort Bend Cty., Texas v. Davis* that "Title VII's charge-filing requirement is not of jurisdictional cast." 139 S. Ct. 1843, 1850 (2019). Therefore, Plaintiff argues, this Court "erred when it dismissed [Plaintiff's] claims for lack of subject matter jurisdiction," and this Court was "still required to hear [Plaintiff's] claims . . . because it would be a **procedural defect.**" (Doc. 146 at 2) (emphasis in original).

Beyond the fact that this Court did not solely dismiss for lack of subject matter jurisdiction,[2] Plaintiff misinterprets the Supreme Court's holding in *Davis*. The Supreme Court's decision does *not* mean that courts must adjudicate Title VII claims even where a plaintiff has failed to exhaust administrative remedies. As the Supreme Court explained, the charge-filing requirement is "mandatory without being jurisdictional." *Davis*, 139 S. Ct. at 1852. A mandatory claim-processing rule "must be enforced" if properly raised, though unlike a jurisdictional defect, it may be waived or forfeited. *Hamer v. Neighborhood Hous. Servs. of Chicago*, 138 S Ct. 13, 17 (2017) (citing *Manrique v. United States*, 137 S. Ct. 1266, 1271-72 (2017)). USPS timely raised Plaintiff's failure to exhaust her administrative remedies.

Finally, even if this Court had improperly determined that it lacked subject matter jurisdiction over Plaintiff's unexhausted claims, this would not render the Court's judgment void. As discussed above, judgment is void if the court "wrongfully *extends* its jurisdiction beyond the scope of its authority." *Three Hundred Fifty-Three Thousand Six Hundred Dollars, in U.S. Currency*, 463 F.3d at 813 (emphasis added). Plaintiff does not argue that this Court wrongfully extended its jurisdiction; instead, Plaintiff argues that this Court wrongfully *declined* jurisdiction. Such a claim is not cognizable under Fed. R. Civ. P. 60(b)(4).

---

[2] The phrase "subject matter jurisdiction" cannot be found in the Order Plaintiff seeks to vacate. USPS' Partial Motion to Dismiss (Doc. 53) was brought, moreover, pursuant to both Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Rosalind A. Clayton's Motion to Vacate (Doc. 146) is **DENIED**.

Dated this 19th day of January, 2021.

						_____
						JOHN A. ROSS
						UNITED STATES DISTRICT JUDGE